# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MICHAEL DREW                                                                                                         PLAINTIFF

vs.                                  CIVIL ACTION NO. 3:18-CV-00562-CRS-CHL

METROPOLITAN SEWER DISTRICT, et al.,                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

**I.**      **Introduction**

This matter is before the Court on Defendant Metropolitan Sewer District's ("MSD") Objections to Magistrate Judge's January 8, 2020 Discovery Order. DN 53. MSD only objects to the Magistrate Judge's order with regard to eight documents he ordered produced. MSD argues that each document is protected by the attorney-client privilege and/or the work product doctrine. For the reasons that follow, MSD's objections are **OVERRULED**.

**II.**      **Background**

The Court referred this matter to the Magistrate Judge for resolution of all non-dispositive issues, including discovery issues, under 28 U.S.C. §(b)(1)(A). DN 9. Plaintiff Michael Drew ("Drew") filed three motions to compel responses to interrogatories and requests for production of documents from MSD. DN 22, 25, 30. In his motions, Drew sought to compel certain documents identified on MSD's privilege log and supplemental responses and responsive documents to RFP Nos. 30 and 32. MSD argued that these documents were protected from disclosure by the attorney-client privilege and the work product doctrine. DN 22-2. The Magistrate Judge ordered MSD to provide the documents on its privilege log and documents responsive to RFP Nos. 30 and 32 for an *in camera* review to determine whether the documents were protected by the attorney-client privilege and work product doctrine. DN 43; DN 51 at 1. The Magistrate Judge also analyzed

1

whether MSD's assertion of the *Faragher/Ellerth* affirmative defense affected any attorney-client privilege and/or work product doctrine protections.[1] DN 51 at 1.

In his order, The Magistrate Judge first analyzed documents that MSD withheld from production but were responsive to RFP Nos. 30 and 32. DN 51 at 5–11. These documents are marked as "Privilege 000001–000066." *Id.* at 10. MSD objected to producing these documents for three reasons: (1) RFP No. 32 is not relevant, (2) the documents are protected from disclosure under the attorney-client privilege as set forth in the Kentucky Rules of Evidence, and (3) the documents are also protected from disclosure under the work product doctrine under Rule 26(b)(3) of the Federal Rules of Civil Procedure. *Id.* at 5–11. Ultimately, the Magistrate Judge found that "MSD waived any attorney-client privilege and work product doctrine protections applicable to the documents responsive to RFPs No 30 and 32 by asserting the *Faragher/Ellerth* defense and putting the adequacy of their investigation at issue." *Id*. The Magistrate Judge ordered MSD to produce all of the responsive documents in "Privilege 000001–000066" and any other responsive documents in MSD's possession, custody or control. *Id.*

The Magistrate Judge then reviewed ten documents which MSD identified on its initial privilege log to determine if the documents were privileged. *Id.* at 11–14. MSD had produced these documents but asserted privilege and redacted certain portions. The Magistrate Judge found that MSD had improperly asserted privilege for all but one of the ten documents listed on its initial privilege log. *Id.*

---

[1] The Magistrate Judge noted that "[a] *Faragher/Ellerth* affirmative defense has two necessary elements: (1) that the employer exercised reasonable care to prevent and correct promptly any harassing behavior and (b)(*sic*) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer to avoid harm otherwise. *Faragher v. City of Boca Raton*, 524 U.S. 775, 806 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)." DN 51 at 8–9.

Accordingly, the Magistrate Judge granted Drew's motion to compel further responses to RFP Nos. 30 and 32. MSD filed its Objections to Magistrate Judge's January 8, 2020 Order on January 22, 2020.[2] DN 53.

## III.    Legal Standard

Following objection to a non-dispositive order of a magistrate, the Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). *See also* 28 U.S.C. § 636(b)(1)(A). To the extent that no objection is filed, the arguments are waived. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 147–48 (1985). Many decisions in this circuit have discussed the "clearly erroneous" and "contrary to law" standards. The clearly erroneous standard applies to the magistrate judge's factual findings. *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995). The court in *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles* explained the clearly erroneous standard:

> A judicial finding is deemed to be clearly erroneous when it leaves the reviewing court with "a definite and firm conviction that a mistake has been committed." *Heights Community Congress v. Hilltop Realty, Inc.,* 114 F.2d 135, 140 (6th Cir. 1985). Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable. *Id.*

*4 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999). This standard grants "considerable deference to the determinations of the magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citations omitted).

Conversely, the legal conclusions of a magistrate judge are "reviewed under the plenary 'contrary to law' standard." *Haworth, Inc.*, 162 F.R.D. at 291 (citing *Gandee v. Glaser*, 785 F.

---

[2] Drew filed a response to MSD's objections. DN 56. MSD moved to strike Drew's response because the Court did not direct Drew to file a response. DN 57. Drew's response did not have any bearing on this order.

3

Supp. 684, 686 (S.D. Ohio 1992)). The district court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. Thus, this Court must exercise its independent judgment with respect to a Magistrate Judge's legal conclusions." *Gandee*, 785 F. Supp. at 686 (internal citations and quotation marks omitted).

## IV. Discussion

MSD argues that the Magistrate Judge's order was contrary to law because the order compelled production of certain documents that are protected by the attorney client privilege and/or the work product doctrine. DN 53 at 8–12. Specifically, MSD objects to the production of eight documents. *Id.* These documents are divided into two groups. The first group, Drew v LMSD Privilege 000041, 00042, 000047–53, and 000059, have not been produced. The second group, Drew v. LMSD 0001368, 001399, 001405–1406, and 001408, have been produced but with redactions. MSD asserts that all the documents are protected by the attorney client privilege, and that the first group of documents are also protected by the work product doctrine. *Id.* The Court will briefly address MSD's arguments.

### A. Drew v. LMSD Privilege 000041, 00042, 000047–53, and 000059

MSD argues in a general and conclusory fashion that these four documents are protected by the attorney-client privilege and are also protected under the work product doctrine. *Id.* at 1011. This argument is without merit. The Magistrate Judge determined that MSD waived any attorney-client privilege and work product doctrine protections with respect to these documents because MSD asserted the *Faragher/Ellerth* defense. DN 51 at 10. MSD puts forth no argument as to why this determination was contrary to law. Whether these documents might be protected by the attorney-client privilege and/or the work product doctrine is irrelevant because the Magistrate

4

Judge found that MSD waived those protections. The Magistrate Judge did not ignore or misapply any applicable law in determining that MSD had waived the attorney-client privilege and work product doctrine protections. Therefore, the Court finds no basis to suggest that the Magistrate Judge's decision was clearly erroneous or contrary to law.

**B.      Drew v. LMSD 0001368, 001399, 001405–1406, and 001408**

MSD argues in a general and conclusory fashion that each document is protected by the attorney-client privilege and the Magistrate Judge's determination was contrary to law. MSD's argument is without merit. The Magistrate Judge conducted a thorough *in camera* review of these documents to determine whether the documents are privileged. DN 51 at 11. In accordance with applicable case law, the Magistrate Judge considered whether the documents were communications in which legal advice was sought. DN 51 at 2–3; *Id.* at 11–14. If the document was a communication in which legal advice was sought, the Magistrate Judge then considered whether the predominant purpose of the communication was to render or solicit legal advice as opposed to business advice. *Id.* at 11–14. The Magistrate Judge determined that MSD had improperly asserted the attorney-client privilege for the redacted portions of each of the documents to which MSD now objects. *Id.*

The Magistrate Judge carefully considered the contents of each document at issue. The Magistrate Judge considered and correctly applied the applicable standard in determining whether MSD properly asserted the attorney-client privilege for each document. Further, the Magistrate Judge described specific content of each document that demonstrated that each document was either not related to legal advice or its predominant purpose was business advice. The Magistrate Judge did not ignore or contradict the law regarding the attorney-client privilege, and MSD does not offer any additional legal basis to support protecting these documents. Accordingly, the Court

finds no basis to suggest that the Magistrate Judge's decision was clearly erroneous or contrary to law.

V.   Conclusion

Therefore, having considered the Magistrate Judge's order and MSD's objections, **IT IS HEREBY ORDERED** that MSD's Objections to Magistrate Judge's January 8, 2020 Order (DN 53) are **OVERRULED**.

**IT IS SO ORDERED**.

March 31, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**